WHITTELSEY *et al.*, Plaintiffs in Error, v. KELLOGG *et al.*, Defendants in Error.

1. A call in a deed for a boundary certainly ascertained will prevail over a call for distance.
2. The construction of deeds is a matter for the court and not for the jury; though it is the province of the jury to determine *where* the boundaries called for in a deed are located, it is the province and duty of the court to declare *what* the boundaries are that control the location.
3. Although a witness, a surveyor, should be improperly permitted to give his opinion upon a matter of law, as to declare what are the controlling calls of a deed, a judgment will not be reversed for this impropriety, if the opinion given be substantially correct and such as can not have prejudiced the party complaining of it.

*Error to St. Louis Land Court.*

This was an action in the nature of an action of ejectment. Both plaintiffs and defendants claim title under Thomas M. Knox. Knox was the owner of a tract of land fronting 218 feet six inches on the Carondelet road, in the city of St. Louis. This tract was the north part of a tract known as the Petit tract. This tract interfered with the common of St. Louis and with land assigned to the public schools. Knox

obtained title by compromise with the city of St. Louis. In 1843 and 1844 Knox executed three several conveyances to Larkin Deaver. The descriptions of these deeds are sufficiently set forth below, in the opinion of the court. Defendants claim title under L. Deaver. Plaintiffs claim title by virtue of a quit-claim deed from T. M. Knox to D. Dorwart, dated October 22, 1845. The question to be determined in this cause is whether the land sought to be recovered was embraced in the deeds of Knox to Deaver; and this question is decided by determining whether said deeds embraced the whole of Knox's land, or, rather, whether the land thereby conveyed extended as far north as the north line of the Petit tract, which was the south line of the Lami or Cerré tract. The court ruled in substance that the call in the deed of Knox to Deaver, dated March 25, 1844, for the lot of Cerré on the north brought the land sought to be recovered in this suit within the description in said deed. During the trial the court asked a witness, a surveyor, "how, as a surveyor, without any knowledge of the facts and that surveys had been previously made, he would bound said lot described in deed of June 7, 1843," the deed from Knox to Deaver? The witness was permitted, against the objection of the plaintiffs, to respond to this question and to similar questions with respect to the other deeds of Knox to Deaver.

The jury found for defendants.

*Whittelsey*, for plaintiffs in error.

I. The court erred in asking Cozens how, as a surveyor, he would run the lines of the deed of June 7, 1843. This was a question for the court to determine. (24 Mo. 113; 4 Hawks, 64; 4 Monr. 63; 1 Dev. & Bat. 425.) The court, in its instruction, submitted a matter of law to the jury. What are the boundaries is a question of law; the *place* of the boundaries is a question of fact for the jury. (Dev. & Bat. 425; 4 Hawks, 64; 4 Monr. 51; 9 Mo. 581; 21 Mo. 210.) Known and visible monuments will control the other calls of a deed. The descriptions in this case were taken

from actual survey. The corners established and existing were actual monuments. (15 Mo. 89.) Courses and distances of actual survey will prevail over the less certain call of adjoining owners. (11 Conn. 332; 5 Ham. 434; 9 Cranch, 178.) When actual corners are established, they must control. (8 Mo. 555; 21 Mo. 170; 6 Mo. 219; 13 Mo. 697; 17 Mo. 191.) The instructions given were erroneous. The court erred in refusing the instructions asked by plaintiffs.

*Knox & Kellogg*, for defendants in error.

RICHARDSON, Judge, delivered the opinion of the court.

Both of the parties claim under T. M. Knox, and the question is whether Knox, by his three deeds to Deaver, conveyed all his interest in the Petit tract, so that there was nothing left on which his subsequent deed to Dorwart could operate.

The northern line of the Petit tract is coincident with the southern line of the Lami tract, and the first portion of the land which Knox acquired was a strip of fifty-two feet, taken from the northern side and running the whole length of it, which was bounded on the north by the Lami tract claimed by Cerré; and, although there is some dispute as to Knox's southern line, all the parties concede that his northern boundary was the southern boundary of the Lami or Cerré tract.

The first deed of Knox to Deaver, dated January 7, 1843, conveys, by a very clear description, all the land he owned in the tract west of a point on his northern line distant twelve chains and forty links from Carondelet avenue. The calls of the deed are " commencing at a point in *Knox's northern boundary line*, being distant, &c., thence, with *said Knox's northern boundary line*, north, seventy and one-quarter degrees west, seven chains and one link, to *Knox's north-western corner*; thence," &c. After making this deed, he had remaining the eastern portion of the tract fronting 218 feet six inches on Carondelet avenue, and by his deed to Deaver

of January 23, 1844, he conveyed the southern half of the residue fronting one hundred and nine feet three inches on Carondelet avenue. In this deed Knox assumed his lower line to be further south than it really was, but it is manifest that he intended to convey half of all he had. The portion left, after satisfying the two deeds already mentioned, was a piece bounded north by the Lami or Cerré tract, west by a part of the land first sold to Deaver, south by the part last sold, and east by Carondelet avenue; and this part he intended to convey by his third deed dated March 25, 1844. The call in the description is " beginning at the south corner of said Deaver's lot (on Carondelet avenue), thence north 109 feet three inches *to lot of one Cerré*, being school lands, thence west *along said Cerré's* line to a lot of said Deaver; thence south," &c. It is impossible to reach Cerré's line without going to Knox's extreme northern line, and as that line is so described as to be regarded as a monument, it must prevail over distance, which is most uncertain; for it is a familiar rule that the least certainty of description in deeds must yield to the greater certainty.

The legal construction of the deeds from Knox to Deaver was properly a matter for the decision of the court; for, though the jury must ascertain as a fact where the boundaries of a grant are, it is the duty of the court to declare what the boundaries are that control the location; (Doe v. Paine, 4 Hawks, 64;) and, under the circumstances of this case, the court properly might have charged that the land conveyed by the first and third deeds was bounded on the north by the Lami or Cerré tract, and that therefore nothing passed by the deed to Dorwart under which the plaintiffs claim.

The objection, that a witness was allowed to give his opinion as to the location of the land described in the deeds, may be answered by repeating what was said by this court in Evans v. Greene, 21 Mo. 210, that a judgment will not be reversed because " a witness has given his opinion upon a matter of law, when we see that the opinion given was sub-

stantially correct and could not have prejudiced the party complaining of it." The other judges concurring, the judgment will be affirmed.