FRANCIS H. MANTER *et al.*, Appellants, *v.* LOUIS G. PICOT, Respondent.

*Conveyance—Description.*—Where a deed called to commence at a point in the grantor's northern boundary line, and to run on that a given course and distance; *held,* that the true northern line must be taken, although the grantor may have had a survey made on the ground the courses and distances of which survey were set forth in the deed, and the northern line of such survey differed entirely from the true northern line of the tract.

*Appeal from St. Louis Land Court.*

This was an action of ejectment. Thomas M. Knox was

the common source of title, and it was admitted that the plaintiffs were entitled to the possession of the *locus in quo*, unless said Knox had conveyed the premises to the grantor of the defendant, by the following description, to wit:

" Commencing at a point in said Knox's northern boundary line, being distant along said line from the western edge of the Carondelet avenue, as laid out by the city authorities, twelve chains and forty links (12 chains, 40 links); thence with said Knox's northern boundary line north $70\frac{1}{4}$ degrees, west seven chains one link (7 ch. 1 link), to Knox's north-western boundary ; thence south 33 deg. 30 min. west to Knox's southwestern corner; thence south $70\frac{1}{4}$ deg., east eight chains seventy-nine links, along Knox's southern boundary line to a stake, which is distant from the western edge of Carondelet avenue ten chains sixty-two links; thence at right angles to the last mentioned line north 19 deg. 45 min., east three chains twenty-one links, to the place of beginning ; the property hereby conveyed containing, within said lines, $2\frac{70}{100}$ acres, and is situate directly opposite the St. Louis Arsenal, and being the same property on which is situate a quarry. To have," &c., &c.

The premises were part of the Petit claim as laid out on the map of the city commons, a claim which had never been confirmed or located by United States survey.

Knox, the common source of title, for reasons of his own, always claimed that his north line was 87 or 88 feet south of the north line of the Petit tract on the Commons map, and extended southwardly 218 ft. 6 in., and he accordingly thus took possession and made his fences.

For the purpose of describing the premises conveyed by the deed of June 7, 1843, as set out above, a survey upon the ground was made by the surveyor Cozens, and the lines were run and the courses and distances actually measured upon the ground to correspond with the enclosures and fences of Knox. The stake in the southeastern corner of the survey was found by Cozens in making the survey for this suit, and is 10 chains 62 links from Carondelet avenue,

and this point with the courses and distances, it was claimed, would control and fix the location of the whole premises.

Plaintiffs asked the following instructions, which were refused:

" The lot sold by Knox to Deaver, by his deed of June 23, 1843, had on it a natural object, to wit, a quarry, and the land described in said deed must be so located as to include said quarry, and the lines must also follow the courses and distances in said deed. If the position of the stake in said Knox's southern boundary, which was ten chains sixty-two links from the Carondelet road, can be identified upon the ground, it will fix all the courses and distances called for in said deed.

" If the description in said deed of June 23, 1843, was from a survey actually made upon the premises for the purpose of making said description in said deed, then the courses and distances in said deed, and the lines of said land, must follow the lines of actual survey, although the line was not surveyed on Knox's true northern boundary; and the call for Knox's northern boundary line is not such a call for a permanent object as will control the other calls, and for courses and distances."

The defendant asked and the court gave the following instruction:

" The plaintiffs, claiming under Knox by a deed dated October, 1845, cannot recover against the defendant claiming under Deaver, who purchased from Knox by deed of June 7, 1843, as to any land which is twelve chains and forty links west of Carondelet avenue and south of the northern line or boundary of the land held by Knox before the making of the deed of June 7, 1843."

*Whittelsey*, for appellants.

I. The point presented by the instructions asked by the plaintiff is the following:

The actually locating and surveying of a tract of land upon the earth's surface is the very highest evidence of the true location of the tract of land so surveyed, and the actual running out the courses and distances upon the earth's sur-

face will control other calls of a deed describing the tract by the courses and distances of the survey. When actual courses are established they must control. (Campbell v. Clark, 8 Mo. 553, 555, 558; S. C. 6 Mo. 219.) Lands sold by metes and bounds are supposed to have been surveyed, and the deed is given to convey what has been surveyed. (Alshire v. Hulse, 5 Ham., Ohio, 534, and S. C. 1 Wright, 171.)

In a conveyance of land by marked objects (corners put down), the rule is, "that the monuments placed at the angles, when certainly ascertained, fix the position of the land." (Evans v. Green, 21 Mo. 170, 196.) See, as to a false assumption of the true boundary, p. 201, "it is now, it seems, ascertained," &c. Particular attention is called to that case as involving a legal question similar to that in this case. (McIver's Lessee v. Walker, 9 Cranch, 178; Thornburg v. Churchill, 4 Mon. 32; 1 Green. Ev. 369, n. 1.)

The survey and description of the deed did not actually commence in what was Knox's true north boundary; but it did commence, and did follow, what Knox asserted to be, and claimed to be, his north boundary. He was mistaken in matter of fact; but he had a survey made so that there should be no mistake as to what he intended. (1 Green. Ev. 369, n. 1.) "Secondly: to lines actually run and corners actually marked, at the time of the grant." Jackson *ex dem.* Livingston v. Freer, 17 John. 29, was also a case of actual survey.

The instructions asked by plaintiff correctly set forth the law.

BATES, Judge, delivered the opinion of the court.

The only question in this case is substantially decided in the case of the same plaintiffs against Kellogg, 28 Mo. 404.

We do not doubt at all that Knox's northern boundary line, mentioned in his deed to Deaver, was his true northern boundary line, and therefore the deed conveyed the land in dispute, leaving no land at that place which could be conveyed by his deed to Derwart, under which the plaintiffs claim.

Judgment affirmed. Judges Bay and Dryden concur.