Carpenter v. Rynders.

JAMES M. CARPENTER, Respondent, *vs.* JOSEPH RYNDERS, Appellant.

1. *Practice; civil—Supreme Court—Reversal—Improper evidence.*—This court will not reverse a case on account of the admission of improper evidence, when such evidence cannot have prejudiced the case of the appellants.

2. *Broker—Real estate—Commissions—Default of owner.*—A broker, who negotiates a sale of real estate is entitled to his commissions, though, owing to the default of his employer, the sale is never effected.

*Appeal from St. Louis Circuit Court.*

*Fisher & Rowell,* for Appellant.

Title cannot be shown by experts. (30 Mo., 310 ; 28 Mo., 407; 28 Mo., 496 ; 24 Mo., 113 ; 9 Mo., 603; 1 Greenl. Ev., § 441.)

*D. Breck Ramsey,* for Respondent, cited : Bailey vs. Chapman, 41 Mo., 538.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a Justice of the Peace to recover the amount of an account filed for commissions for the sale of a house and lot on McLure Avenue. A trial was had before a Justice, where the defendant recovered a judgment.

The plaintiff appealed to the St. Louis Circuit Court, where on a trial anew, he recovered judgment for $75 ; from this judgment defendant appealed to General Term, where the judgment rendered at the Special Term was affirmed, and the defendant appealed to this court.

The facts shown by the record are, that plaintiff is a real estate agent, and that as such the defendant employed him to make sale for him of a house and lot at the price of six thousand dollars. There is some conflict in the evidence in reference to the exact terms of the contract, but the evidence tends most strongly to show that plaintiff undertook to sell the house and lot for 2 1-2 per cent. on the price, and that the plaintiff was to also write the deed without further charge, and that nothing was to be charged unless plaintiff made a sale. The evidence further shows, that the plaintiff did effect a sale of the property, which was satisfactory to the defend-

ant, and that one hundred dollars of the purchase money was paid to defendant as part payment; but that when the defendant was about to make the deed, the purchaser upon examination found that the defendant's title to the lot was defective. The defendant after this proceeded to the State of Ohio and obtained deeds which perfected his title, but that in this time the purchaser made different arrangements, and refused to take the house and lot. That upon consultation between plaintiff and defendant, the hundred dollars paid was returned to the purchaser. The purchaser testified, that he bought the lot in good faith, and would have taken it and paid for it, if the title had been good, or if defendant could have perfected his title before he had made other arrangements about the purchase of property. Mason the purchaser, during his examination as a witness, stated amongst other things, that after he had made the trade with Carpenter, he saw Rynders and talked it all over; he then made an examination of the title and found it bad, that Rynders had no title at all as it stood. This testimony was objected to by the defendant, as incompetent and secondary. The objection was overruled, and the defendant excepted. At the close of the evidence, the court at the instance of plaintiff instructed the jury as follows: "If the jury believe from the evidence, that the plaintiff James M. Carpenter was a real estate agent and broker in the City of St. Louis, and that as such he was employed to sell the real estate in question for $6,000; that he found a purchaser, negotiated a sale, and that the purchase was not completed between the purchaser and defendant on the ground that the title was defective, which defect in the title was not known to the plaintiff at the time he undertook the sale of said property, and he, the said plaintiff, did all he could in the performance of his undertaking, and was prevented from accomplishing the sale, only by the defect of the title, and that the amount charged was a reasonable compensation for such services, they will find for the plaintiff."

To the giving of this instruction the defendant objected and excepted.

The court then at the instance of the defendant instructed the jury as follows: "If the jury find from the evidence, that the plaintiff knew the imperfection in the title to defendant's property at the time he undertook to sell the same, or before the transaction with Mason, he cannot recover in this case."

After the rendition of the verdict by the jury, the defendant filed his motion to set aside the verdict and grant him a new trial, setting forth as grounds of his motion, that improper evidence had been admitted, that improper instructions had been given, that proper instructions had been refused, and that the verdict was against the law and the evidence.

This motion being overruled, the defendant again excepted.

The court then rendered a final judgment against the defendant for the amount of the verdict, from which an appeal was taken to the General Term of said court, where the judgment of Special Term was affirmed, and from which the defendant appealed to this court.

The first point made by the defendant in the argument in this court as a ground for reversing the judgment in this case is, that the court permitted witness Mason to testify on the trial that defendant had no title to the land charged to have been sold to Mason by the plaintiff. It is contended that the want of title could only be proved by the production of title papers, so that the court as a matter of law could say whether there was title or not. It is very true, that the title to land is usually to be proved by the title papers, and that experts would not be permitted to testify as to the legal effect of a deed, but that was not done in this case. The witness testifies, that it was found that defendant had no title to the lot; he does not state this as an expert, but as a fact, and it might be that the very reason why he had no title was, because he had no title papers to produce. It was however, stated in this case, that the only title that defendant had, was by virtue of the purchase of a title of his brother to the lot under a deed of trust given by his brother in his lifetime, and who had before the purchase died, and that defendant was his administra-

tor at the time he purchased. This was a statement of the facts and not an opinion of an expert. But the answer to this whole question is, that there was no dispute about the defect in the title of defendant to the lot. The defendant himself states that he went to Ohio afterwards, and got deeds which perfected his title to the lot, and there is nothing in the case to dispute or controvert this fact. In such case, even if the witness had given his opinion as to the title, it could not have prejudiced the defendant, and the judgment would not for that reason, be reversed. (Whittlesey vs. Kellogg, 28 Mo., 404.)

The instructions given in this case were proper, and fairly placed the case before the jury.

The plaintiff had undertaken to sell defendant's lot for a commission; he negotiated a sale, which was satisfactory to the defendant. The defendant must of necessity make the deed and convey the lot. This he failed to do. The plaintiff had done all that could be done by him, and if the contract and sale were defeated by the fault of the defendant, the plaintiff having done everything on his part that he could do is entitled to his pay. This case comes exactly within the principle of the case of Bailey vs. Chapman, 41 Mo.,536 : see also, 21 Barb., 145.

There were a number of other instructions asked for by the defendant, which were refused, some of which were perhaps abstractly proper, but the principles contained in them were either covered by the instructions given, or not sustained by the evidence, or not applicable to the evidence in the case.

And the case having been fairly presented by the instructions given, no further notice will be taken of the instructions refused.

Judge Sherwood not sitting. The other Judges concurring, the judgment of the Circuit Court is affirmed.