PETER G. GERHART *et al.*, Respondents, v. CHARLES H. PECK, Appellant.

St. Louis Court of Appeals, December 23, 1890.

1. **Pleading**: ACTION OF REAL-ESTATE AGENT FOR COMMISSIONS. A real-estate agent sued his principal for his commissions for the sale of realty, and alleged and proved that he had procured a purchaser ready and able to buy the property on the terms prescribed by the principal, but that the records showed an unsatisfied deed of trust on the property, and that the principal had failed to have it released or canceled, by reason whereof the sale fell through. *Held* that it was not necessary for the plaintiff to allege either that the deed of trust was a lien on the property, or that the defendant had refused to make the sale.

2. **Right of Real-Estate Agent to Commissions**: WAIVER BY PRINCIPAL OF PROCUREMENT OF CONTRACT OF SALE OR PRODUCTION OF PURCHASER. If in such an action the principal, on being notified by the agent of the finding of a purchaser on the terms

prescribed, informs the agent that it will not be necessary for him to produce the purchaser for the purpose of obtaining a contract in writing for the purchase of the property, such principal waives any right to the production of the purchaser or the procurement of a binding contract.

3. ———. If such agent finds and produces a purchaser, ready and willing to buy according to the owner's terms, or if he procures a valid contract from a solvent buyer, and the sale is not effected in consequence of a defect, or apparent defect, in the title, and the owner declines to take any steps to remove the defect or cloud, or to produce to the purchaser evidence that the title is not in fact faulty, then the agent is entitled to his commissions the same as though the sale had been consummated.

4. ——— : STATUTE OF FRAUDS. Such agent is entitled to his commissions though his authority to sell the land is not in writing.

5. Vendor and Vendee : SUFFICIENCY OF VENDOR'S TITLE. *Held, arguendo,* that when a vendor, in the case of an executory contract for the sale of realty, is called upon to exhibit a perfect title, as is generally the case, he must exhibit a title which is perfect and safe to a moral certainty—one which does not disclose a patent defect suggesting the possibility of a law-suit to defend it; and, if there is a gap or break in the record title, the vendor, and not the vendee, must look up the evidence *in pais* which is necessary to show that the title is good.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Edmond A. B. Garesché,* for appellant.

(1) Plaintiffs' petition does not state facts sufficient to constitute a cause of action against defendant. There is no allegation that the deed of trust constituted a lien, or that defendant refused to consummate. *Hayden v. Grillo,* 26 Mo. App. 293; *Price v. Mayo,* 107 Mass. 550; *Barnard v. Monnot,* 34 Barb. 90; *Hayden v. Grillo,* 35 Mo. App. 654. (2) Plaintiffs, having declared upon a contract to sell this property, there was not sufficient evidence of performance to

justify the court in permitting the case to go to the jury. *Reiger v. Bigger*, 29 Mo. App. 421 ; *Hayden v. Grillo*, 35 Mo. App. 654 ; *Pierce v. Powell*, 57 Ill. 325. ( 3 ) Under the last section of the statute of frauds, there can be no recovery in this case, because there was no evidence tending to show that defendant had ever authorized, in writing, either plaintiffs, or his son Charles H. Peck, Jr., to act for him as his agents with respect to the sale of the property described in plaintiffs' petition. R. S. 1889, sec. 5186. ( 4 ). The evidence showed that defendant's title was perfectly good, and the trial court should have instructed peremptorily in his favor. A broker who contracts to sell lands for compensation is not entitled to commissions, where he effects a mere parol contract for sale of lands which is repudiated by the purchaser, without any fault of the vendor, before it is reduced to writing. *Gilchrist &. Martin v. Clark*, 86 Tenn. 583.

*Edward S. Robert*, for respondents.

( 1 ) It is error under the code to plead the legal effect of a deed of trust or any other fact. *Kerr v. Simmons*, 82 Mo. 275; '*Turley v. Edwards*, 18 Mo. App. 689. ( 2 ) A contract to sell is complied with if the vendor will not or cannot convey, if the broker has found a purchaser ready, able and willing to buy, and has done all in his power. *Carpenter v. Rynders*, 52 Mo. 278 ; *Monroe v. Snow*, N. E. Rep. of March 7, 1890. The new clause of the statute of frauds applies only to a contract "made by an agent," in which he binds his principal to convey lands. R. S. 1889, sec. 5186. A purchaser is not obliged to accept lands with a doubtful title, or subject to an apparent lien, where the seller will not or cannot give him any information in regard to it, or sufficient time to investigate it. Recognized inferentially in *Gilchrist v. Clarke*, 86 Tenn. 283. "A marketable title therefore is one which is clear and good on the

record, and without incumbrance." Pomeroy on Contracts, note 3, p. '284. Great respect is paid to views of business men in forcing doubtful titles on purchasers. Pomeroy on Contracts, p. 289. (3) The vendor may waive a written agreement on the buyer's part or the bringing of them together to close. *Hayden v. Grillo,* 35 Mo. App. 654.

Briggs, J.—The plaintiffs are real-estate agents, and they sue to recover three hundred and seventy-three dollars, which amount they allege is due them from the defendant on account of a contract of employment to sell certain real estate belonging to him. The cause of action as stated in the petition is as follows: That on the first day of November, 1888, the defendant, who claimed to be the owner of certain real estate in the city of St. Louis, employed the plaintiffs to sell the same; that it was agreed that they should receive, as compensation for their services in negotiating a sale, all they could obtain therefor above the sum of seven thousand and ninety-seven dollars, and the taxes assessed against the property for the year 1889; that, at the time of making the contract, the defendant represented that his title was perfect, and that the plaintiffs, relying on this representation and believing it to be true, undertook to sell the property; that, on or about the first day of June, 1889, they found a purchaser in the person of Samuel Hoffman, who was accepted as a purchaser by the defendant; that Hoffman was ready, willing and able, to take the property on the terms agreed on; that he agreed to pay seventy-five hundred and seventy dollars in cash for the property; that from the amount of this sale the defendant was to receive seven thousand and ninety-seven dollars, one hundred dollars was to be applied to the payment of the taxes, and the plaintiffs were to receive the remainder as compensation for their services in making the sale; that an examination of the records, made afterwards, disclosed

an unsatisfied deed of trust on a portion of the property for two thousand dollars which was in favor of the Real-Estate Savings Institution, a defunct banking corporation of the city ; that the defendant was unable to have the deed of trust released, or to secure its cancellation, and that, for this reason and no other, Hoffman refused to take the property.

The defendant's answer contained a general denial, and, as a special defense, he averred that the arrangement with the plaintiffs for the sale was made by Charles H. Peck, Jr.; that the latter had no written authority to enter into a written contract for and on behalf of the defendant, nor did the defendant sign any note or memorandum of any sale of his property, and that he did not authorize any person to sign any such memorandum for him. The cause was submitted to a jury ; the verdict and judgment were in favor of the plaintiffs, and the defendant has appealed to this court.

The first assignment of error has reference to the sufficiency of the petition. The contention is that it fails to state a cause of action, because it is not alleged that the deed of trust was a lien on the property, or that the defendant refused to consummate the sale.

The contention made on the second assignment is, that the evidence of performance relied on by the plaintiffs was not sufficient to authorize the submission of the case to the jury. We will consider both assignments together. The defendant also complains of the action of the court in giving and refusing instructions.

What we may say concerning the questions involved in the second assignment will make it unnecessary to incumber this opinion with the instructions. If the plaintiffs' evidence of performance was sufficient to entitle them to recover, we apprehend that no serious objection can be urged to the action of the court in directing the jury.

Before we proceed further, a statement of the evidence relied on by the plaintiffs to authorize the

maintenance of the action by them becomes necessary. This evidence had a tendency to show that in November, 1888, one of plaintiffs made a parol contract of employment with the defendant for the sale of the real estate upon the terms stated in the petition; that this arrangement was first made with the defendant's son, but it was afterwards ratified by the defendant himself; that, at the time the plaintiffs were employed to sell the property, the defendant represented that his title to the property was perfect; that the plaintiffs, believing this representation to be true, proceeded to advertise the property, and to make the usual efforts to find a purchaser; that, in the latter part of May or the first part of June, 1889, the plaintiffs did find a purchaser in the person of John Hoffman, who was worth at least one hundred thousand dollars, and that Hoffman agreed with the plaintiffs to make the purchase as stated in the petition; that he was ready, willing and able to complete the purchase according to its terms, and that he refused to do so for the reason that a subsequent examination of the records revealed that there was on one of the lots an unsatisfied deed of trust for two thousand dollars in favor of a defunct banking institution, formerly of the city of St. Louis; that this deed of trust was dated on the thirteenth day of July, 1871, and was executed by Eulalie Kick, a former owner of the land; that, when the defendant's attention was called to this flaw in his title, he stated that he knew nothing about it, that his title was good, that he was willing to make a warranty deed, and that, if Hoffman was not disposed to take the property under such circumstances, he did not care because he was selling the property cheap; that the defendant refused to take any measures to have the deed of trust canceled, and that thereupon Hoffman refused to complete the purchase. It was also developed by the plaintiffs' evidence that they failed to procure a written contract from Hoffman, and the excuse offered for such failure was that, at the time the

trade was agreed on with Hoffman, one of the plaintiffs informed the defendant of the sale and the name of the purchaser, and he then offered to bring Hoffman to the defendant for the purpose of having the contract reduced to writing; that the defendant said that he knew Hoffman well, and that there was no necessity for this; that thereupon the plaintiffs delivered to the defendant their own check for fifty dollars, and took a receipt in Hoffman's name, the receipt reciting that the money was received on account of the purchase, and that the trade should be closed not later than the sixth day of June, 1889. The receipt was dated on the first day of June, and was signed by the defendant's son in the presence and in the name of the defendant.

The failure to allege in the petition that the deed of trust was a lien on the defendant's property does not make the pleading defective. In fact, such an allegation would have been in effect the statement of a legal conclusion which is not permissible in code pleading. The idea pervading and underlying code pleading is to make all pleading special, and to do away with general averments stating legal conclusions. In the case of *Kerr v. Simmons*, 82 Mo. 269, the supreme court said: "The practice act was to make all pleadings special, to abolish general averments stating conclusions of law in a declaration or answer. It was meant that the pleading should be a statement of the fact of the case on both sides, not of the evidence, but of the facts to which the law is applicable."

The further objection, that the petition failed to allege that the defendant refused to consummate the sale, is equally unfounded. The defendant's default consisted not in failing to convey, but in declining to take any steps to remove or cancel the deed of trust, or to produce satisfactory evidence that it was not in fact an incumbrance upon his property. We must, therefore, hold that the defendant's objections to the petition are not well taken.

The law is well settled that, when the owner of land employs a real-estate agent to negotiate a sale only, it is always implied that the owner has a good title to the land. The agent by his agreement to negotiate a sale assumes no obligation in reference to the title, unless it was made a part of his duty to have the title examined before attempting to affect a sale. Therefore, in such a case, if the agent finds and produces a purchaser, ready and willing to buy according to the owner's terms, or if he procures a valid contract from a solvent buyer, and the sale is not effected in consequence of a defect or apparent defect in the title, and the owner refuses or declines to take any steps to remove the defect or cloud, or to produce to the purchaser evidence that the title is not in fact faulty, then the agent is entitled to his commissions the same as if he had consummated the sale. *Carpenter v. Rynders*, 52 Mo. 278; *Budd v. Zoller*, 52 Mo. 238; *Nesbit v. Helser*, 49 Mo. 383; *Love v. Owens*, 31 Mo. App. 501; *Holly v. Gosling*, 3 E. D. Smith, 263; *Christensen v. Wooley*, 41 Mo. App. 53.

The principal objection urged by the defendant's counsel to the application of the foregoing rule in the present case is, that it is admitted that the plaintiffs failed to procure a valid written contract from Hoffman, and that they also failed to produce him to the defendant; hence, it is urged that the plaintiffs had not fully performed their contract and could not sue the defendant for its breach. It is true that the plaintiffs failed in both particulars as stated, but the plaintiffs' evidence tends to show that, at the time the defendant was notified of the sale, the plaintiffs offered to bring Hoffman to the defendant for the purpose of reducing the contract to writing, but the defendant said that he knew Hoffman, and that it was not necessary to do so. If this was true (and the jury so found), then it amounted to a waiver by the defendant of this requirement imposed by law on the plaintiffs. *Hayden v. Grillo*, 35 Mo. App. 647.

The next objection is that the deed of trust was not an incumbrance upon the defendant's property. In support of this it is insisted that the defendant and his immediate grantor have been in the adverse possession of the property for twelve or fifteen years; that they knew nothing about the deed of trust; that the relation of mortgagor and mortgagee had not been recognized by either during that time; that their possession, as against the holder of the deed of trust, had been adverse; hence, under the decision of the supreme court in the case of *Lewis v. Schwenn*, 93 Mo. 26, the defendant held the property released from such incumbrance. Conceding that the facts are as stated, and that the adverse possession for ten years operated as an extinguishment by limitation of any right or title to the land under the mortgage, yet there is nothing in the record to show that these facts were either communicated to the plaintiffs or to Hoffman, or that they, or either of them, had knowledge from other sources of such facts. *Prima facie*, the deed of trust was an incumbrance on the property, and it was the duty of the defendant, when the knowledge of it was brought home to him, to take the necessary measures to have it canceled, or to produce to Hoffman evidence, which was reasonably satisfactory, either that the debt secured by the deed of trust had been paid, or that the defendant and his immediate grantors had held the adverse possession of the property as against the mortgagee for the period of ten years.

It would not be out of place for us to state in this connection what, in our opinion, are the respective duties and liabilities of the vendor and vendee in executory contracts, where the title to the land sold is questioned. Generally, such contracts call for the exhibition by the vendor of a perfect title. We understand that by perfect title is meant a title which is perfect and safe to a moral certainty; a title which does not disclose a patent defect suggesting the possibility of a law-suit to

defend it. We also construe such a contract as stipulating that the vendor will assume the burden of exhibiting to the vendee within a reasonable time such a title. If it appears that there is a break or a gap in the record title, the vendor and not the vendee must look up the evidence *in pais* which is necessary to show that the title is good.

The defendant absolutely refused to do anything about the deed of trust, and he said that Hoffman must take the property, if he took it at all, with the title thus incumbered. We must, therefore, hold that Hoffman failed to consummate the purchase through the fault of the defendant, and that the latter is in this action estopped from proving that the deed of trust, by reason of facts appearing outside of the record, was not, in fact, an incumbrance on his property. We must also conclude that the trial judge was not only justified in refusing the instructions asked by the defendant, but also that the instructions given were more favorable to him than was warranted by the law and the evidence.

Lastly, it is urged that there can be no recovery in this case, because the plaintiffs' employment rested in parol; that, under section 5186 of the Revised Statutes, 1889, such a contract is required to be in writing. The last clause of the section reads as follows: "No contract for the sale of lands made by an agent shall be binding upon the principal unless such agent is authorized in writing to make said contract." This section of the statute can, by no sort of construction, be made to apply to contracts of employment between real-estate brokers and their principals. The statute only prohibits such agents from binding their principals in contracts of sale to third persons, when they are not so expressly authorized in writing by their principals. In our opinion the counsel's interpretation of this statute is entirely at fault.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.