JOHN T. HUGGINS, Respondent, v. R. K. HEARNE, Appellant.

### Kansas City Court of Appeals, March 7, 1898.

Real Estate Broker: COMMISSIONS: BINDING CONTRACT. A real estate broker must bring to his customer a valid contract so that the owner may hold the purchaser in damages if he fails to complete the purchase, or produce a purchaser who is ready, able and willing to to carry out the sale, before he is entitled to his commissions.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

THURMAN & WRAY for appellant.

There was no valid sale of the land which entitled plaintiff to recover even if he had authority to sell the same. The agreement between the plaintiff and the supposed purchaser, one John Yeomans, of Iowa, was not in writing and therefore void. R. S. 1889, section 5182. The statements of Yeomans were not admissible in evidence. O'Niel v. Crain, 67 Mo. 250; Fougue v. Burgess, 71 Mo. 389.

TIMMONDS & TIMMONDS for respondent.

While ordinarily it is true that a real estate agent, in order to earn his commission, should produce the purchaser himself, or his written contract to purchase, he is not required to do this where the landowner refuses to consummate the sale, when advised by the broker that he has found a purchaser. Hayden v. Grills, 35 Mo. App. 655; Bailey v. Chapman, 41 Mo. 536; Harwood v. Diemer, 41 Mo. App. 48; Carpenter v. Rynders, 52 Mo. 278; Fox v. Rouse, 47 Mich. 558.

Huggins v. Hearne.

ELLISON, J.—This action was instituted to recover commission for an alleged sale of defendant's land. The judgment was for plaintiff and defendant appeals.

STATEMENT.

In disposing of the case we shall consider it principally from the standpoint of the testimony given by plaintiff in his own behalf. He stated that defendant placed a tract of land in his hands for sale and that he afterward sold it to one Yeomans who lived in Iowa and was passing through Missouri on an excursion. That he did not obtain a written contract binding the purchaser; and the case concedes that he did not produce the purchaser. Nor was the purchaser's evidence taken, either by deposition or orally. Plaintiff stated that he notified defendant of the sale he had made and that defendant refused to recognize it and said that he had sold the land himself. He stated the contract with the purchaser in the following words:

"The agreement between Yeomans and I—he was down here on an excursion, and he had been down southeast some place and his ticket was so limited, or he would have stayed long enough to close the matter up, but he had to get home on the ticket. And he told me to get the deeds and papers and put them in the bank, send the abstract and if the title was perfect he would pay the cash for the land at twelve dollars and a half an acre."

The agent must bring to the owner a valid contract from the purchaser so that the owner may hold the purchaser in damages if he fails to complete the purchase, or he must produce the purchaser to the owner who is ready, able and willing to buy if the owner will carry out the sale. If, however, after the agent has made the sale the owner repudiates the agent, or

REAL estate broker: commissions: binding contract.

puts it out of his own power to complete the sale by a previous sale, or the like, the agent need not produce the purchaser.    Hayden v. Grills, 35 Mo. App. 655.

But the latter proposition presupposes that the agent had obtained the written contract, or that he can produce the purchaser.    Here plaintiff's own evidence shows the pretended sale to be a mere pretense with no legal obligation resting on any one.    He did not get a written contract and he could not produce the purchaser, since his testimony shows that with a vague and indefinite understanding, the purchaser left for his home in Iowa with no intention of ever returning, so far as is shown.    The purchaser was not produced, and it is apparent from plaintiff's own statement that he could not produce him.    The understanding between plaintiff and the purchaser as told by plaintiff was that the purchaser was to have papers sent to him in Iowa for approval.

To illustrate upon what unsatisfactory ground plaintiff's claim of right to compensation is based, let it be supposed that defendant had answered: "Yes, I am ready to sell, where is your purchaser who is ready, able and willing to buy?"    Is plaintiff to be allowed to recover on the mere supposition that he might get the purchaser to come down from Iowa? Suppose he had written him to come, there is not a particle of evidence to suggest that he would have complied.

It would be a most dangerous precedent to permit this judgment to stand.    Plaintiff should have produced a binding contract executed by a solvent party, or else he should have produced, or had it in his power to produce (when defendant repudiated his action) a purchaser ready, able and willing.    There was no attempt on plaintiff's part to obtain a contract from the purchaser, and his failure in the other requi-

site was quite as complete. The judgment should have been for the defendant and it will therefore be reversed. All concur.