Morgan, Judge,
dissenting:
A real estate broker is entitled to a commission (under the decisions in this state, referred to in the majority opinion, and in the specially concurring opinion by Judge Bell), when he has produced a purchaser, ready, able and willing to buy. on the terms proposed by¡ or acceptable to, the owner, even though a sale is-not consummated, provided it was the owner’s fault that a sale was not consummated. Buckingham v. Harris, 10 Colo., 455, and cases cited. And when the broker sues for a commission on. a contract of employment, when a sale is not made, he should be permitted to prove that it was the owner’s fault that a sale was not made; Doty v. Miller, 43 Barb., 529, 530; but if by his own evidence or the eyidence of the owner it appears that the fault was his own, he cannot recover: This rule is clearly disclosed in Buckingham v. Harris, supra, on p. 457, *19 where it is quoted that the broker is entitled to his commission, “if the failure to complete the sale was in consequence of a defect of title, and without any fault of the broker or agent.” (Italics mine.) In this case the lower court was justified under the evidence in finding that the agent could not recover because it was his own fault that the sale was not consummated, although no findings were made in the record by the court in rendering the judgment. The agent in this case sustained the burden that was upon it, by proving that the owner’s abstract disclosed a defective title, and that the owner was notified thereof; and, if the evidence had disclosed nothing more, it might be said it was the owner’s fault that a sale was not made; but it appears that while the owner was, in good faith, preparing to perfect the title and carry out the sale, the agent returned to the purchaser his deposit together with the contract accompanying it, and let the purchaser go, without making any effort to hold him üntil the-title could be perfected, or helping in any other way, after that, to consummate the sale; although the purchaser must have been willing to wait until the title could be perfected, as he testified that he was ready, able and willing to buy if the title had been good “for maybe sixty days” after the $100 was returned to him. It very frequently happens that a title is defective, and it always requires time to conclude a sale, and where an agent relies on his own arrangements with the purchaser, not effecting a binding contract between the purchaser and the owner, he ought to hold his purchaser “willing” for a sufficient length of time to permit the sale to be concluded. Finnerty et al. v. Fritz, 5 Colo., 174, 180. The agent may relieve himself of this duty to hold the purchaser, by effecting a binding contract between the owner and the, purchaser. See also the specially concurring opinion,, citing Mechem on Agency, Sec. 965.
The case of Wilson v. Mason, 156 Ill., 304, cited in the specially concurring opinion, and the authorities relied upon *20 by defendant in error, seem to hold that the binding contract must be effected to entitle the agent to his commission; but, while such contract would relieve the agent from his duty to hold the purchaser, it is not necessary under Colorado decisions, if the agent does hold him for such reasonable time as may be necessary to effect a sale. Neither this court nor the Supreme Court has .ever held, except in the majority opinion, that an agent is entitled to a commission, where a sale is not made, by simply producing a purchaser, ready; able and willing to buy, without holding him in such condition or mood for a reasonable time, or else effecting a binding contract, except when the owner has prevented the sale, by some act or omission to act. The lower court must' have found that the agent neither so held the purchaser nor effected the binding contract. The strongest case I have found against the owner in such instances states the rule as follows: “If the owner refuses or declines to take any steps to remove the defect or cloud, the agent is entitled to his commission the same as if he had consummated the sale.” (Italics mine.) Gerhardt v. Peck, 42 Mo. App., 644, 651. The owner in the present case not only did not refuse or decline, but did remove the defect. The fact that she was slow in removing it makes no difference, because the agent’s acts showed it was no longer interested in the matter, before a reasonable time elapsed for her to do it in.
The foregoing view of .this case is upheld by the following statement in 19 Cyc., 257 to 270: “A broker employed to effect a sale or a lease of real estate is entitled to a commission, although the transaction fails of consummation because of a defect in the principal’s, title,- provided that the broker himself, is not at fault. * * *. The broker is not entitled to a commission under these circumstances, however, where the defect in the title is not real and substantial, unless he has procured a valid contract from a solvent customer.” (Italics mine.)
*21 Decided October 13, A. D. 1914.
Rehearing denied February 8, A. D. 1915.
With due deference to the opposite view of the majority of my associates, I think the lower court was justified in finding that the agent abandoned the sale, and failed to hold his customer, either by his own efforts of by a binding contract, and that the judgment ought to be affirmed. •