W. H. GOLDSBERRY and C. W. CARMON,
Respondents, v. ROSA EADES and SARAH J.
EADES, Appellants.

**Kansas City Court of Appeals, January 22, 1912.**

1. **REAL ESTATE AGENTS: Commission.** Where real estate
   agents are employed to find a purchaser ready, willing and able
   to buy a farm on terms and they find a purchaser who entered
   into a written contract to buy the farm and paid part of the
   purcase price as earnest money, but thereafter refused to con-
   summate the sale on the ground that he was unable to procure
   the necessary funds, it being shown however that he was
   solvent and able to respond in damages, they are entitled to
   their commission; as the ability of the purchaser is to be tested,
   not by his ability to procure the money to pay for the farm,
   but to respond in damages should he fail to perform the con-
   tract of sale.

Appeal from Boone. Circuit Court.—*Hon. N. D.
Thurmond*, Judge.

AFFIRMED.

*Gillespie & Conley* for appellants.

*Harris & Finley* for respondents.

JOHNSON, J.—Plaintiffs who are real estate
agents in Columbia brought this suit to recover a com-
mission of $318 they allege they earned under a con-
tract of employment with defendants. They prevailed
in the trial court where the cause was tried before a
jury and defendants appealed.

The conceded facts of the case are as follows: De-
fendants owned a farm of 270 acres in Boone county
and employed plaintiffs to find them a purchaser,
agreeing to pay the usual commission for such serv-
ices. Plaintiffs found a purchaser, introduced him to

defendants and a sale of the farm was agreed upon at the price of $20,900. Plaintiffs, defendants and the purchaser were present at the sale which occurred March 2, 1910, and as an inducement to effect the sale, plaintiffs agreed to reduce their commission to $318 which defendants agreed to pay when they received payment of the purchase price of the farm which was to be paid the following October. A written contract of sale was drawn by plaintiffs and signed by both principals. The purchaser then gave defendants a check for $1,000 earnest money and afterwards defendants cashed the check and retained its proceeds. The purchaser did not pay the remainder of the purchase price in October and declined to consummate the sale on the ground that he was unable to procure the necessary funds.

The only material controversy in the record concerning issues of fact relates to the subject of the pecuniary worth of the purchaser. The evidence of plaintiffs tends to show that he owned real and personal property in Boone county of the value of from $17,000 to $20,000 in excess of his liabilities. The evidence of defendants places his net worth at a lower figure but shows beyond question that he was solvent and able to respond in damages if he failed to perform his part of the contract of sale.

With the case in this posture the learned trial judge would have been justified in peremptorily directing a verdict for plaintiffs since all of the facts elemental to their pleaded cause were conceded and there was no issue to submit to the jury.

Defendants argue that the written contract of sale is non-enforcible under the Statute of Frauds but whether or not this is so is immaterial to plaintiff's right to recover. They were employed to find a purchaser who was ready, able and willing to buy the farm on defendants' terms, and the question of the ability of such purchaser is to be tested not by his

ability to procure the money to pay for the farm but by his ability to respond in damages should he enter into a contract of sale and fail to perform it. [Hayden v. Grillo, 35 Mo. App. 647; Gelatt v. Ridge, 117 Mo. 553; Love v. Owens, 31 Mo. App. 510; Chipley v. Leathe, 60 Mo. App. 1. c. 19.] Plaintiffs' contract with defendants did not require them to procure a valid written contract signed by the purchaser and they fully performed their services and earned their commission when they procured and introduced to defendants a purchaser ready, willing and able to buy the farm on the proposed terms. The judgment is clearly for the right party and is affirmed. All concur.