J. P. LOMBARD, Appellant, v. ALBERT M. SILLS, et al., Respondents.

Kansas City Court of Appeals, May 19, 1913.

1. **REAL ESTATE BROKERS: Purchaser Financially Able: Ac-ceptance.** Though it is the primary obligation of a real es-tate broker that he shall produce a purchaser to the vendor who is ready and financially able to buy, or to respond in damages if he does not, yet the vendor, if he wishes, may accept a pur-chaser produced who is not so financially able, by entering into a contract of sale with him, in which case he will be liable to the broker for a commission.

2. ————: **Acceptance of Purchaser: Liability to Broker.** A ven-dor may refuse to enter into a contract of sale of his real estate to a purchaser not financially able, who is produced by a broker

without liability to the broker for a commission. But if he accepts such purchaser and enters into a contract with him, he is liable.

3. ———: ———: Fraud: Imposition. A real estate broker must not be guilty of fraud or imposition on his principal in producing a purchaser of his real estate.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

AFFIRMED.

*McCune, Harding, Brown & Murphy* for appellant.

The court erred in giving instruction 5 on behalf of the defendants, which instruction was a peremptory instruction to the jury to find for the defendants on the counterclaim. Printz v. Miller, 233 Mo. 47; Hayden v. Grillo, 35 Mo. App. 647; Love v. Owens, 31 Mo. App. 510; Gerhart v. Peck, 42 Mo. App. 651; Chipley v. Leathe, 60 Mo. App. 20; Brauckman v. Leighton, 60 Mo. App. 42; Goldsberry v. Eades, 161 Mo. App. 8.

*Ball & Ryland* for respondents.

(1) The special contract entitled defendants to the commission. (2) Irrespective of the special contract, defendants were entitled to the commission as a matter of law on the facts proven. 19 Cyc. 243, 270, 271; Rice v. Mays, 107 Mass. 550; Moore v. Irwin, 20 L. R. A. (U. S.) 1168; s. c. 116 S. W. 662; Alt v. Doscher, 102 App. Div. (N. Y.) 344; s. c. 92 N. Y. S. 439, affirmed 186 N. Y. 566, 79 N. E. 1100; Brady v. Foster, 72 App. Div. 416; s. c. 75 N. Y. S. 944; Leuscher v. Patrick, 103 S. W. (Tex. Civ. App.), 664; Wright v. Brown, 68 Mo. App. 577.

ELLISON, P. J.—Plaintiff's action is to recover five hundred dollars, the amount of a deposit left with defendants in a proposed real estate deal. Defendants are partners in the real estate brokerage business and

they filed a counterclaim for the same amount as commission alleged to be due them from plaintiff on account of such deal. The deposit was conceded and the controversy is over plaintiff's liability to defendants for a commission. The trial court considered that the case made entitled defendants to a commission, and therefore peremptorily directed a verdict for plaintiff for the deposit and for defendants, in the same amount, on their counterclaim for commission; the result being that plaintiff was held to be liable for the commission, which, being of the same amount as the deposit in defendants' hands, left the findings neutralizing or offsetting each other. Plaintiff appealed. The question presented is whether plaintiff is liable to defendants for a commission.

It seems that plaintiff engaged defendants to procure an exchange of certain of his real property, and that defendants procured W. J. Lentell, with whom plaintiff personally entered into a written contract of exchange. The contract provided that the property of each party should be free of incumbrances save those mentioned. As the case now presents itself, these need not be set out or be referred to further.

The effect of the finding that plaintiff was entitled to recover the amount of his deposit from defendants is that the deal failed of consummation on account of Lentell, and not plaintiff, and the sole question is as to defendant's right to a commission for procuring Lentell, who entered into the contract with plaintiff. The ground of the latter's avoidance of his agreement to pay the commission is that Lentell was not financially able to respond in damages to plaintiff for failure to perform. The contract did not, in terms, condition defendants' right to a commission on Lentell's financial ability. It set out the agreement in detail between plaintiff and Lentell, and that plaintiff agreed to pay defendants, "his agents, $500 as commission in the transaction."

But plaintiff insists that this provision must be considered in the light of the law, as determined in this State, allowing a real estate broker a commission only when he produces a man who is able to make the purchase or respond in damages if he fails to do so.

It is the law, stated in a great number of cases, that it is requisite to the earning of a commission that the purchaser produced to the vendor principal by the agent, must be one who is financially capable of making the purchase, or to respond in damages to the vendor if he fails to do so. [Goldsberry v. Eades, 161 Mo. App. 8; Hayden v. Grillo, 35 Mo. App. 647; Love v. Owens, 31 Mo. App. 501, 510; Gerhart v. Peck, 42 Mo. App. 644, 651; Brauckman v. Leighton, 60 Mo. App. 38, 42; Chipley v. Leathe, 60 Mo. App. 15, 20.]

But in these cases, and others of like character, there is nothing said which prevents the vendor from accepting the purchaser produced, as filling the agent's contract, and entering into a contract of sale with him. The question is an important one and received careful consideration by the trial judge, who stated that he had not found a case in this State in which the matter had been discussed; the nearest approach, he stated, was in Wright v. Brown, 68 Mo. App. 577, 583, where, in the course of the opinion, it is said that "when the purchaser is accepted and the contract executed, the principal cannot be heard to say when the agent calls on him for compensation, that, 'You did not produce a purchaser who was financially able to perform the contract and respond in damages in case of nonperformance by him, and therefore I owe you nothing for your services.'" But the trial judge remarked that this statement was somewhat clouded by the further observation in the opinion that, "when the purchaser in a case of this kind, has *performed* (italics ours) the contract, the question of his primary responsibility is eliminated from the controversy."

There is ample authority for the position that the broker "is entitled to his commission upon the execution of a contract between the vendor and vendee, in the absence of a stipulation, express or implied, making his right to compensation depend upon the performance of the contract by the purchaser." [19 Cyc. 243, 270, 271; Moore v. Irwin, 89 Ark. 289; s. c. 20 L. R. A. (N. S.), 1168 and notes; Alt v. Doscher, 92 N. Y. Sup. 439, affirmed 186 N. Y. 566; Brady v. Foster, 75 N. Y. Sup. 994; Rice v. Mayo, 107 Mass. 550; Leuschner v. Patrick, 103 S. W. 664.]

On the other hand it is held by courts of high standing and authority that the production of a person by the broker to the vendor as a purchaser, is an implied representation that he is *finacially* able to make the purchase, and that the mere signing a contract of purchase by the vendor would not rebut that implication. [Butler v. Baker, 17 R. I. 582.] But that case concedes, and it could not well do less, that a vendor may accept the person produced, even though he were not of present financial ability to make the purchase. Two things are so self-evident that they may be regarded as acknowledged by all—one is that the vendor may reject, without liability to the agent, any person produced by the latter who is not able to make the purchase; the other, that he may accept such person. And the question in any given case is, what has been done by the vendor? We think the better rule—the rule which can be given the most practical application—is that when the agent presents a purchaser to the vendor and the latter enters into a contract with him, selling him the property on terms mutually agreed upon, he accepts him as a purchaser and accepts the service of the agent as performance of the agent's contract. Otherwise, in all except cash sales, when is it, and how is it, to be determined that the purchaser has been accepted? If there are deferred payments and he fails on the last one, does

that deprive the agent of his commission? Except in cash sales it is unreasonable and impracticable to say when an agent produces a purchaser he impliedly warrants that if the vendor will accept him and make the sale to him, he is financially able to comply with the terms of the sale. Many complications and much injustice would result from such rule. In many instances, perhaps the major part, the purchaser produced has not a present financial ability to buy. He agrees with the vendor for deferred payments, when he hopes to have the money from his earnings, or expects to secure it from other sources. These are matters for the consideration of the vendor. He may protect and secure himself by his contract, and when he enters into such contract it ought to be taken, nothing appearing to the contrary, that he has accepted the service of the agent as performed. In all of this we, of course, assume that the agent has not been guilty of fraud or imposition on his principal.

The result is to affirm the judgment. All concur.