## CHAS. BIRD, Respondent, v. JOSEPH ROWELL, Appellant.

### Kansas City Court of Appeals, June 1, 1914.

1. **REAL ESTATE BROKERS: Commission.** B., real estate broker, was employed by each of two landowners R. and W. to procure a purchaser of their respective farms. R. agreed to pay B. $125 for the services rendered him, and W. agreed to pay $500 for the services rendered him. He succeeded in getting R. and W. to enter into a written contract to exchange farms. R. afterwards refused to perform. With regard to the commission of $125 due from R. the broker was clearly entitled to it, since he had produced to R. a purchaser who was ready, willing and able to purchase on the terms specified and R. could not defeat that claim by refusing to sell. As to the broker's right to a commission from W., that right arose whenever the broker obtained a purchaser financially able to buy, which W. accepts and the purchaser enters into a valid written contract to purchase on the terms named. Such right remains and was not defeated even though the purchaser afterwards refuses to carry out the contract.

2. ———: ———: **Damages for Loss of Commission.** Before B., the broker, can recover damages of R. for causing him to lose a commission which W. agreed to pay, the broker must show that he performed for W. the services which entitled the broker to a commission from W., and that thereafter R., by his wrongful act prevented the broker from getting it.

3. ———: ———: ———: **Pleadings.** As the pleadings on their face show that the broker is still entitled to collect his commission of W. he is not entitled to damages from R. since, if these facts are true, he has not caused the broker to lose his commission.

4. ———: ———: ———: ———.  Where the answer sets up facts which, if true, are a complete defense to plaintiff's cause of action, and plaintiff files a reply thereto admitting those facts, then defendant is entitled to have a motion for judgment in his favor on the pleadings sustained.

5. ———: ———: ———: ———: **Void Contract.**  If, as plaintiff claims, the evidence properly shows that the contract R. entered into to take W.'s farm was wholly void, not binding upon him in any way, then plaintiff has not earned a commission from W., and R. has not wrongfully caused plaintiff to lose said commission.  It is just the same as if plaintiff had expended time and labor to induce R. to make a contract with W. to take his farm and R. finally after much consideration refuses to enter into a contract.  Plaintiff has merely failed to procure a purchaser for W.  The situation with reference to the commission due from W. is not the same as it is with reference to the commission due from R.  Unless the broker has earned a commission of W. and thereafter R. has wrongfully refused to do that which is incumbent upon him to do, he cannot be held liable for damages for plaintiff's loss of W.'s commission.

Appeal from Johnson Circuit Court.—*Hon. A. A. Whitsett*, Judge.

AFFIRMED IN PART, REVERSED IN PART.

*Nick M. Bradley* and *J. W. Saddath & Son* for appellant.

When a broker employed to sell real estate procures a purchaser financially able to buy and the purchaser is accepted and enters into a valid written contract with vendor to purchase on the terms named, then the broker has earned his commission, even though the purchaser afterwards refuses to carry out the contract.  Love v. Owens, 31 Mo. App. 501; Stinde v. Scharff, 36 Mo. App. 15; Gerhart v. Peck, 42 Mo. App. 644; Hayden v. Grillo, 35 Mo. App. 647; Goldsberry v. Eades, 161 Mo. App. 8; Lombard v. Sills, 170 Mo. App. 555; Wright & Orrison v. Brown, 68 Mo. App. 577; Chipley v. Leathe, 60 Mo. App. 15.

*Chas. W. Sloan* and *L. M. Crouch* for respondent.

A real estate agent or broker employed to sell or exchange lands must, before he will be entitled to compensation, find and produce to the owner thereof, a purchaser who offers and is ready, willing and able to make the purchase on the authorized terms, or to respond in damages in the event of failure to perform his undertaking; or he must procure from such purchaser and tender to the owner a valid contract containing terms which the owner may enforce, if necessary. Forsythe v. Allbright, 149 Mo. App. 515; Young v. Ruhwedel, 119 Mo. App. 231; Concannon v. Mining & Milling Co., 156 Mo. App. 79; Hamilton v. Hathaway, 152 Mo. App. 483; Chipley v. Leathe, 60 Mo. App. 15; Wright & Orrison v. Brown, 68 Mo. App. 577.

TRIMBLE, J.—Plaintiff, a real estate broker, brought this suit in two counts. The first is to recover the sum of $125 agreed upon as plaintiff's commission from defendant for bringing two landowners together and bringing about an exchange of defendant's farm for a farm belonging to one Wolfe; and the second is to recover the sum of $500 damages for causing the plaintiff to be defeated from collecting that amount of Wolfe as commission due from him. Both defendant and Wolfe knew that plaintiff was acting for both in the trade and consented that he should receive a commission from each, so there is no objection on that score.

The first count, after stating that plaintiff was a real estate broker, alleged that defendant was the owner of a farm of sixty-eight acres in Johnson county, specifically describing it; that Wolfe was the owner of 320 acres in Cass county; that plaintiff had the farms of both for sale or exchange; that by his exertions he brought defendant and Wolfe together and induced them to enter into a contract for the exchange of their respective farms upon the terms therein stated; that

by said agreement of exchange defendant was to pay plaintiff $125 and Wolfe was to pay plaintiff $500; that Wolfe was ready, able and willing on his part to consummate the exchange but, without fault on his part was unable to do so because of the refusal of defendant, without legal excuse, to complete the exchange; that thereupon plaintiff demanded of defendant the $125 due from him, which was refused, and for which judgment is prayed.

In the second count the foregoing preliminary facts as to the ownership of the two farms, the agency with each of the two men, the agreement to exchange farms, the commission to be paid by each were all alleged to be true, and plaintiff then averred that the title of Wolfe to his farm was merchantable and good; that Wolfe was ready, able and willing to perform said agreement and comply with all terms thereof, but by reason of the failure and refusal of defendant to carry out said contract on his part, plaintiff has been unable to collect the $500 commission from Wolfe and has received no commission from him, by reason whereof plaintiff is damaged in the sum of $500 for which judgment is asked.

The answer to the first count was a general denial. The answer to the second count was, first, a general denial, and then it was alleged that Wolfe and defendant entered into a contract in writing for the exchange of their respective farms, duly signed and acknowledged by both, and the answer set out the contract in full showing specific description of both farms and the terms of the trade. The answer to said second count further alleged that said written contract was legal and binding on both Wolfe and defendant; that defendant was at that time financially able to comply with said contract; that it was executed and delivered by both parties and also executed for the benefit of plaintiff; that by reason of said facts plaintiff was entitled to recover the $500 of Wolfe because he (plain-

tiff) had performed the services he agreed to perform, and for that reason defendant is not liable, hence he prayed to be discharged with his costs.

With this answer defendant filed a written offer to allow judgment to be entered against him on the first count for $125 which offer had been duly served upon plaintiff's attorney. To the answer plaintiff filed a reply admitting that defendant and Wolfe made and executed the written contract set out in the answer, and also admitting that defendant was at that time financially able to comply with said contract, and denied every other allegation in the answer.

When the reply was filed containing these admissions that the contract plaintiff had secured for Wolfe was a written contract executed by both of them and that defendant was financially able to comply therewith (in which case Wolfe could hold defendant liable in damages for failure to perform), defendant filed a motion for judgment on the pleadings. This was overruled and exceptions were saved. The trial was had and the evidence showed, without contradiction, the facts to be as shown in the pleadings.

At the close of the evidence defendant demurred to the evidence as to the second count. This was overruled. Thereupon plaintiff prayed the court to give the jury peremptory instructions to find for plaintiff on each of the counts in the petition, which the court gave. The jury, in obedience to said instructions, returned a verdict for $125 on the first count and for $500 on the second count and judgment was rendered in accordance therewith. Defendant appeals, claiming that he is only liable for the $125, judgment for which he offered to allow entered against him.

Under the facts of this case, before plaintiff can recover of defendant the commission *Wolfe* agreed to pay, he must show that Wolfe cannot be held liable therefor and that defendant's act caused such nonliability. Let us see whether Wolfe is exempt from such

liability. To keep the matter clear let us consider this question as if there was but one commission due plaintiff and that from Wolfe for procuring a purchaser of Wolfe's farm. In such case whenever plaintiff obtained a purchaser financially able to buy, which purchaser Wolfe accepts and the purchaser enters into a valid written agreement with Wolfe to purchase on the terms named, then plaintiff has earned his commission even though the purchaser afterwards refuses to carry out the contract. [Love v. Owens, 31 Mo. App. 501; Goldsberry v. Eades, 161 Mo. App. 8; Gearhart v. Peck, 42 Mo. App. 644, l. c. 651; Hayden v. Grillo, 35 Mo. App. 647, l. c. 654; Lombard v. Sills, 170 Mo. App. 555, l. c. 558; Chipley v. Leathe, 60 Mo. App. 15, l. c. 20.]

So far as the pleadings are concerned they show that this was done. They show that a written contract between Wolfe and defendant, signed by both of them and valid on its face, was executed and delivered, and that defendant was financially able to carry it out but refused, without legal excuse, to do so. Consequently, Wolfe is shown by the pleadings to be liable to plaintiff for the $500 he agreed to pay him. Hence, defendant has not caused plaintiff to lose $500, and the motion for judgment on the pleadings should have been sustained. If this had been done judgment would have been rendered for plaintiff for $125 on the first count, agreeable to defendant's offer, and for defendant on the second count.

But plaintiff contends that he offered in evidence the record in a suit by Wolfe against defendant, for specific performance of the contract in issue, wherein defendant filed an answer saying the farm he contracted to sell was his homestead, that his wife did not sign said contract and refused to sign a deed conveying said homestead, and also showing the judgment of the court therein dismissing the case. Plaintiff contends, therefore, that the written contract between Wolfe and defendant was void and unenforcible and

defendant could not be made to respond in damages to Wolfe for refusing to perform and hence Wolfe is not liable to plaintiff for the $500, all because of the failure of defendant to perform. But the admission of the record in the other case was objected to by defendant as not proving *any issue made by the pleadings* and as incompetent, irrelevant and immaterial for any purpose in the case. The fact that defendant's farm was his homestead and that the wife refused to convey it were not pleaded by plaintiff, nor was any fact pleaded showing the contract between Wolfe and defendant to be invalid. On the contrary, the pleadings set out the contract and showed they were valid and that defendant refused to perform "without legal excuse." Facts not pleaded are not admissible unless the pleadings are amended so as to cover them, and, if erroneously admitted, will not sustain a recovery. [Irvin v. Chiles, 28 Mo. 576; Black v. Early, 208 Mo. 281, l. c. 313; Roden v. Helm, 192 Mo. 71, l. c. 94; Spindle v. Hyde, 247 Mo. 32, l. c. 48; Ross v. Ross, 81 Mo. 84; Schneider v. Patton, 175 Mo. 684, l. c. 723.]

But plaintiff says the evidence offered and objected to was within the pleadings since the reply denied the validity of the contract. The answer, as stated before, pleads and sets out the written contract valid on its face and then alleges that defendant is financially able to comply therewith. The reply admits the contract as set out and that defendant is financially able, and then closes with a general denial *without pleading any fact showing the contract's invalidity.* It is true, the answer alleged the contract was valid and binding, but that allegation was a mere legal conclusion. [Manker v. Faulhaber, 94 Mo. 430, l. c. 437.] If the answer contains a statement of new matter, and the plaintiff fail to reply, the defendant shall have such judgment as he is entitled thereto upon such statement. [Sec. 1810, R. S. Mo. 1909; Moore v. Sanborin, 42 Mo. 490; Ennis v. Hogan, 47 Mo. 513.] When the written

contract was pleaded and set out in full in the answer, the facts were stated from which the legal conclusion follows. [Hoester v. Sammelmann, 101 Mo. 619, l. c. 624.] The general denial in the reply, *after specifically and expressly admitting the contract set out,* did not deny the legal conclusion stated in the answer that the contract was binding. [Bliss on Code Pleading (3 Ed.), Secs. 213 and 334.] To do that the reply should have set up facts showing its invalidity. The reply having expressly admitted the new matter set up in the answer, the motion for judgment on the pleadings should have been sustained.

Aside from the foregoing, there is a view that perhaps supports the contention that defendant is not liable even if the record in the specific performance case had been admissible under the pleadings. It is held in Curry v. Whitmore, 110 Mo. App. 204, l. c. 208, and in Young v. Ruhwedel, 119 Mo. App. 231, l. c. 241, that even if the real estate embraced in a written contract regular on its face is found to be the vendor's homestead, the contract does not become so void as to prevent the vendor from being liable in damages for failure to perform. Now, if, according to plaintiff's contention, the contract of defendant was so absolutely void for all purposes that it will not support an action for damages by Wolfe, then plaintiff did not perform any services for Wolfe entitling him to $500 commission, because he did not produce a purchaser who was able to purchase since he could not convey. If the contract is absolutely and wholly void, then no contract whatever was entered into, and plaintiff has not performed his service to Wolfe entitling him to a commission *from Wolfe.* He is entitled to the commission of $125 from defendant for the services he rendered *him* because, without regard to whether or not the contract was void as to Rowell, Wolfe, the purchaser produced to defendant, was willing and able to perform, so that plaintiff has rendered his services to defendant for

which the latter was to pay $125. But the situation is different with reference to the services rendered Wolfe. Plaintiff (if the contract is wholly void), did not obtain a purchaser for Wolfe since no contract was secured nor purchaser able to purchase. He obtained the signature of a man to a written contract agreeing to convey his land to Wolfe, but he was no more able to convey than if he did not own the land, and, if the contract is, as plaintiff claims, wholly void as to that man, then no purchaser was produced to Wolfe and no commission from *him* was due for the reason that plaintiff has not performed his agreement to Wolfe. Upon what theory can plaintiff claim damages against defendant for causing plaintiff to lose his pay for service rendered Wolfe unless defendant did some wrongful act which prevented plaintiff from recovering from Wolfe. If the contract plaintiff obtained was no contract, how was defendant's refusal to perform it a wrongful act for which he could be held liable in damages?

If, as plaintiff claims, the contract Rowell did sign was wholly void, not binding upon him in any way, then *as to Wolfe and as to plaintiff's services to Wolfe,* it is the same as if plaintiff had never succeeded in getting defendant to sign the written instrument. In that case, defendant could not be made to respond in damages for loss of the *Wolfe* commission merely because plaintiff had expended time and labor in trying to secure a purchaser for Wolfe and, after trying, had failed. Defendant did not employ plaintiff to procure a purchaser for Wolfe. The case is not like that of Bird v. Blackwell, 135 Mo. App. 23, for there the services the broker performed were services rendered the defendant. Blackwell in that case employed Bird to obtain an exchange of lands with Ashbrook, and Bird undertook that service for Blackwell but in the contract that was made it was agreed as a part thereof that Blackwell's commission should be paid by

Ashbrook. In other words, Blackwell employed Bird to obtain an exchange of lands for him. Bird procured a man who was ready, willing and able to exchange, but Blackwell refused. Blackwell was, therefore liable for the services rendered him by plaintiff. Ashbrook, however, had agreed with Blackwell to pay this for Blackwell but of course this was only in the event the trade was consummated. So that Ashbrook could not be made to pay the commission due from Blackwell because of Blackwell's refusal to consummate. Hence, under the circumstances, owing to the agreement that Ashbrook was to pay Blackwell's debt instead of Blackwell, Bird had to sue Blackwell for damages instead of suing him for the commission. If it had not been for that element in the contract whereby Blackwell's debt was to be paid by Ashbrook, Bird could have sued and recovered the commission of Blackwell, just as plaintiff in this case is entitled to recover the $125 of defendant herein. In the Bird case, supra, Judge EL-LISON says: "But for the contract that plaintiff was to get his commission from Ashbrook there would be no doubt that plaintiff could have recovered such commission from defendant, for he did all that he was required to do in the performance of the agreement on his part." The damages sued for in Bird v. Blackwell was not for loss of commissions due from *Ashbrook* for services rendered to *him*. The only commission lost, was the commission earned by services to Blackwell and which he would owe, except for the agreement on the part of Ashbrook to pay it and of Bird to look to him for it. It is true, in the beginning of the opinion, it is said "plaintiff lost his commission which was to be paid by the third party." The opinion, however, shows clearly that this was not the third party's commission, but Blackwell's commission which the third party was to pay because he assumed and agreed to pay it as a part of the contract.

It would seem, therefore, that whether the contract between Wolfe and defendant was valid or wholly void, plaintiff cannot recover damages for loss of a commission *from Wolfe.* However, on the face of the pleadings the motion for judgment thereon should have been sustained.

The judgment upon the second count is accordingly reversed leaving the judgment for $125 on the first count to remain in full force and effect. *Ellison, P. J.,* and *Johnson, J.,* concur.