VERDILLA BROWN, Respondent, v. WALTER LUCH-SINGER, Appellant.

Kansas City Court of Appeals.    January 30, 1922.

BROKERS: Rescission: Broker Entitled to Commission after Final Contract of Sale, and Rescindment of Contract Thereafter Could not Affect Brokers Right to Recover. Where a broker produced a purchaser who was ready, able and willing to buy property at the price named by owner, the purchaser making part payment to owner who acknowledged same by giving written receipt therefor, such acts constituted a final contract of sale, and the broker was entitled to recover commission unaffected by any rescindment of said contract thereafter between purchaser and owner.

Appeal from the Circuit Court of Livingston County. —*Hon. Arch B. Davis*, Judge.

AFFIRMED.

*Thos. H. Hicklin* and *Scott J. Miller* for respondent.

*Davis & Ashby* for appellant.

ARNOLD, J.—This suit was instituted before a justice of the peace to recover a commission on a sale of real estate. Later an appeal was taken to the circuit court where the case was tried to a jury.

Defendant was the owner of a residence in the City of Chillicothe in which he was residing. Plaintiff was a real estate broker. In the month of October, 1919, plaintiff called defendant over the telephone and told him she thought she had a buyer for his home, and defendant told her to bring the purchaser out at once, and placed a price on the property of $4500 cash, or 4600 on payments. Shortly afterwards, and on the same day, plaintiff and her prospective purchaser, a Mr. Shockey and wife, went to defendant's home. She left the Shock-

eys in the car and had a conversation with defendant in the house, wherein she told him she thought Shockey would take the place at $4600 cash, which would include her commission of $100. Plaintiff testified that defendant replied, "all right, bring them in."

The house then was examined by the Shockeys but at that time no decision to purchase was made and the Shockeys and plaintiff left but returned a few minutes later and defendant was advised that Shockey would take the place, and there was some talk between the parties as to when possession could be given. Defendant stated he would not give possession and would not sell at all unless he could find another suitable place in which to live.

Mr. Shockey suggested that defendant probably could rent the house where the Shockeys then were living which was owned by a Mr. Norman. Defendant and his wife, accompanied by plaintiff and Shockeys, then visited the Norman property and, on examination, decided it would suit them. Shockey then gave defendant his check for $150 as part payment of the purchase price of defendant's home and received from defendant a receipt therefor. It was agreed between Shockey and defendant that a deed would be executed and the remainder of the purchase price paid on Friday following.

Shortly after these occurrences, it was learned by defendant that the owner of the Norman place would rent the property only from month to month. Persistent attempts were made to rent other properties in the City of Chillicothe but without success, and soon thereafter, defendant told Shockey of his inability to rent a suitable residence and offered to return the $150 check and requested a return of the receipt therefor. These exchanges were effected and the contract of sale thus was rescinded by agreement of the parties thereto.

During the trial defendant contended that the sale was conditional upon his finding a suitable place in which to live, and, over the objections of plaintiff, he was permitted to introduce evidence to show that his agent made diligent efforts to this end.

The verdict was for defendant but thereafter the court sustained plaintiff's motion for a new trial upon the ground that the court erred in giving instruction No. 2 for defendant. From the order granting a new trial, defendant appeals.

The only error assigned by defendant is based upon the action of the court in sustaining the motion for a new trial. Instruction No. 2 referred to in plaintiff's motion, reads as follows:

"The court instructs the jury that although you may find and believe from the evidence that defendant accepted a check from E. F. Shockey for the sum of $150 as part payment on the sale of the real estate in question, yet if you further find and believe from the evidence that at the time the check was given, it was understood and agreed between defendant and said E. F. Shockey, in the presence of plaintiff that said check was accepted only upon the condition that defendant was to have time to find a suitable house to rent and that if defendant was unable to secure a suitable house to rent, then in that event no sale was made and said check was to be returned, and if defendant made a dilligent effort to find a suitable house to rent and was unable to do so and that by reason thereof the said E. F. Shockey returned to defendant his said check and no sale was made, then your verdict must be for defendant."

It is objected that this instruction was erroneous because it is in conflict with instruction "A" for plaintiff which is as follows:

"The court instructs the jury that if you believe and find from the evidence that the defendant contracted with the plaintiff to sell for him his house and lot, at an agreed price, and the plaintiff obtained one Shockey as a purchaser, showed him the house and that the defendant sold to said Shockey the house and lot and that he, Shockey, made a payment thereon, and that said Shockey was ready, willing and able at all times to comply with all of the conditions of said sale, then you are instructed that the plaintiff's commission is due, whether or not the defendant closed the deal, and if you so find

the facts to be, you will find for plaintiff for the amount of commission, to-wit, the sum of $100.''

Counsel for plaintiff urge, in support of her position, that there was no condition attached to her authority to make the sale; that when she produced Mr. Shockey who was ready, able and willing to purchase defendant's residence at the price fixed by him, then the sale was made so far as plaintiff was concerned, and she is entitled to her commission.

The complaint filed by plaintiff before the justice of the peace where the suit was instituted, charges: "That she was authorized by the defendant to sell his property, a dwelling in Chillicothe, Mo.,'' and that "she secured a purchaser therefor and the purchaser was ready, willing and able to purchase said property and did purchase said property and paid down the sum of $50 and that defendant thereafter refused to consummate the trade. . . .'' The evidence introduced on behalf of plaintiff tends to support these allegations. The record shows that the down payment was $150, instead of $50, as charged in the complaint.

The purchaser, Mr. Shockey, testified that he was ready, able and willing to buy the property at the price named by defendant, and, as part payment, had given defendant a check for $150 which was good, and for which defendant had given a written receipt. It cannot be successfully contended that this was not a contract of sale. Any rescindment of said contract thereafter, between defendant and Shockey, could not affect the rights of plaintiff to her commission.

In Pratt v. Irwin, 189 S. W. l. c. 399, the court held:

"An agent employed to procure a purchaser of his principal's land is deemed, in the absence of any contractual provision to the contrary, to have earned his commission when he procures a purchaser with whom his principal enters into a written contract of purchase and sale, whether or not the purchaser afterwards refuses to perform such contract. [Knisely v. Leathe, 256 Mo. 341, 166 S. W. 257; Bird v. Rowell, 180 Mo. App. 421, 167 S. W. 1172; Lombard v. Sills, 170 Mo. App. 555, 157 S. W. 93.]''

In that case it was further held, in effect, that this rule does not apply where principal and agent have stipulated that the commission shall not accrue until the sale be consummated. The exception, however, does not apply in the case at bar, for the reason that the testimony tends to show that defendant and the purchaser entered into a final agreement and an advance payment of $150 on the deal was made and a receipt therefor given.

Any agreement entered into afterwards between defendant and the purchaser, to which plaintiff was not a party, could not have been binding upon the latter, and is not a bar to her recovery. Instruction "A" for plaintiff enunciates the rule of law applicable to the facts shown in the record. Instruction No. 2, given in behalf of defendant, is so clearly contradictory to the rule enunciated in instruction "A" as to be confusing and misleading to the jury, and does not properly state the facts disclosed by the evidence. The giving of instruction No. 2 was erroneous and the action of the trial court in sustaining plaintiff's motion for a new trial was proper and the judgment should be affirmed. It is so ordered.

All concur.